## 21857. BARFIELD *v.* SMITH.

BELL, J. 1. This was a suit against the maker upon two notes, by the plaintiff as a transferee who acquired the notes after maturity, each of the notes having been executed before the passage of the negotiable-instruments act of 1924. The defendant pleaded that one of the notes was a nudum pactum and that the other note had been paid in the hands of the original payee by an indorser for whose benefit it was executed and who received the consideration. As to each of the defenses thus made the evidence was in conflict, and while the testimony of the defendant may not have been entirely clear and satisfactory, this court can not hold. as a matter of law that the verdict in his favor was absolutely without any evidence to support it, and, therefore, the verdict can not be set aside upon the general grounds of the plaintiff's motion for a new trial.

2. Under the facts appearing, the instruction that since the plaintiff acquired the notes after maturity she took them subject to "any defense that might be set up," did not require a new trial upon the ground that it allowed the defendant to defeat a recovery upon just "any kind of an excuse whatever [that] might be offered by the maker, whether the defense was a good one or not." In view of the record and. of the entire charge, the excerpt complained of was evidently intended to refer only to such defenses as were pleaded, and the jury must have so understood it.

3. The presiding judge did not incorrectly state the contentions of the parties, nor fail to state the contentions of the plaintiff with sufficient fullness as compared with his statement of the contentions of the defendant.

4. The charge with reference to the note alleged to have been made without consideration, that if the jury should "find for the plaintiff in that instance and further find that any money had been paid on that note," they should return a verdict in favor of the plaintiff, was not erroneous upon the ground that it placed the burden of proof upon the plaintiff to establish that the note was founded upon a sufficient consideration; and this is true although the defendant admitted a prima facie case in favor of the plaintiff and assumed .the burden of proof. The charge merely stated that as a condition of a verdict for the plaintiff they should find that money had been paid upon the note in question, with-

out any instruction as to which party had the burden of proof in relation to such issue. Furthermore, the court elsewhere expressly charged the jury that the burden of proof was upon the defendant to establish his defenses.

5. The charge that as to the other note the jury should return a verdict in favor of the plaintiff if they found that "she should recover all of it," and that otherwise they should find for the defendant, was not error as against the plaintiff upon the ground that it prevented a recovery unless the jury should find that the plaintiff was entitled to recover the entire amount, and made it impossible for the jury to return a verdict in the plaintiff's favor for only a part of the sum sued for. Under the pleadings and the evidence the jury were authorized to find only that the note had been paid in full, or that the transaction claimed as a payment was not such in fact, and under the issues as thus made there was no intermediate ground upon which to allow a partial recovery.

6. The statement made by the trial judge in admitting certain documentary evidence offered by the plaintiff, which was only collaterally involved, that he would admit the evidence "for the purpose of illustrating the issue in the case," was not erroneous upon the ground that it tended to prevent the jury from considering such evidence as *proving* the contentions of the plaintiff. The evidence did not directly prove the plaintiff's contentions, even though the documents may have had some probative value by way of corroboration; and the judge's statement did not unduly limit the jury in the consideration of this evidence.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*

DECIDED MAY 12, 1932. REHEARING DENIED OCTOBER 1, 1932.

*G. C. Anderson,* for plaintiff.
*John J. Jones, E. M. Price,* for defendant.